UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HELEN NEAL**                                                                                         **PLAINTIFF**

v.                                                                                    **CIVIL ACTION NO. 3:15-CV-790-CRS**

**OFFICER COLLINS**                                                                                  **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Helen Neal filed a *pro se* complaint making various allegations against Defendant "Officer Collins" (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

### FACTUAL ALLEGATIONS

In her complaint, Plaintiff names an "Officer Collins" as the Defendant.[1] She then states as follows:

> A officer has no right keep key that doesn't belong to him, everything belong to inmates property he was wrong for keeping my key for 16 days in his possession. . . Its my right to ask to dismiss him as officer, I ask [indecipherable] damage pain suffer due to his action as officer. He should be in good standard with the law…2 officers come to my house with no warrant/ one black, one white the black was very aggressive w/ me for no good reason I am asking for my driver license and he preside question about a accident at my home where I was the (victim) [undecipherable] choke me out in my house for no reason she was (angry) we fought I ask her to leave w/ my mother their she made a (fake) police report + lie on (me) about what really happen She mad I told her to put out + take my mother with her that (it) was false arrest I'm still (seeking) justice is for all people) I'm the victim ask Steve Ellesman He's my attorney[2] [indecipherable] He knows the whole please, inquire to him…as stated…not guilty as said. Please hear my case

---

[1] It appears that Plaintiff has filed a previous lawsuit against an "Officer Collins" in this Court. *Neal v. Collins et al*, No. 3:15CV-462-GNS. By Memorandum Opinion, and a separate Order, both dated September 25, 2015, that case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (DN 6 and 7).

[2] Prior to granting Plaintiff *in forma pauperis* status, the Court issued an Order asking her to clarify whether she was represented by counsel (DN 4). This Order was also sent to Attorney Steve Esselman. Neither Plaintiff nor Attorney Esselman responded to the Order.

Judge' I'm ask to 'recmen' office for wrongdoing in my behalf, He took a vow to serve citizen w/ no wrongdoing  It is my right to ask once again to please dismiss him [indecipherable] I'm right he had know to keep I don't know [indecipherable] It's illegal take thing for inmates belong or property to keep for personal uses as quoted I will file until I get answer of why did he do it" I afraid of this officer that wrongdoing on every measure!! Thank you"…

Under the section of the complaint entitled "Prayers for Relief," Plaintiff states:

A good punishment his needed to it will happen again He should be actly removed from his (duty) He owe me apologize for his wrongdoing The state of Kentucky owe me for pain suffering, for violation of my (right) lose of sleep + worrying about who will come into my house at time [indecipherable]

## ANALYSIS

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  However, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops,*

*Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.  A complaint does not suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557).

A review of Plaintiff's complaint reveals that she has failed to meet the pleading standard required by Rule 8(a)(2).  Plaintiff's complaint is devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendant is liable for any alleged misconduct.  Plaintiff's allegations are rambling and difficult to understand.  The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  As previously stated, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d at 1169.  To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Accordingly, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard. The instant action must, therefore, also be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint will be dismissed. The Court will enter an Order consistent with this Memorandum Opinion.

Date: January 26, 2016

                        Charles R. Simpson III, Senior Judge
                        United States District Court

cc:     Plaintiff, *pro se*
       Defendant
4411.011